Filed 2/7/23 P. v. Bartos CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C096370 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-183837) |
| v. | |
| HARRY DANIEL BARTOS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Harry Daniel Bartos has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Finding none, we will affirm the judgment.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant made threatening social media posts and calls to the victim, in violation of a domestic violence restraining order. Defendant was charged with stalking (Pen. Code, § 646.9, subd. (b)),[1] criminal threats (§ 422, subd. (a)), misdemeanor disobeying a domestic relations order (§ 273.6, subd. (a)), misdemeanor domestic violence contempt of court (§ 166, subd. (c)(1)(A)), and misdemeanor resisting a peace officer (§ 148, subd. (a)(1)).

Defendant made several *Marsden*[2] motions; the trial court held hearings on each motion and denied each.

Defendant then entered into a stipulated plea agreement to felony stalking in exchange for four years' probation and a maximum of 270 days in jail.

On May 12, 2022, the trial court sentenced defendant to four years of formal probation and 270 days in jail in accordance with the plea agreement.

## DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

**DISPOSITION**

  The judgment is affirmed.


                 /s/
                 EARL, J.


We concur:


    /s/
ROBIE, Acting P. J.


    /s/
DUARTE, J.